United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20256
Summary Calendar
_____

JIM AMIR MOLIN, also known as Bendavid,

Plaintiff-Appellant,

versus

HARRIS COUNTY JAIL; J. W. HUGHES, Deputy; KELLY, Doctor;
BOETIGER, Deputy; J. LEWIS, Deputy; RIED, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CV-61
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jim Molin appeals the dismissal of his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915(e)(2)(B). Molin contends that the defendants used excessive force against him on numerous occasions and were deliberately indifferent to his serious medical conditions.

On appeal, Molin summarily reiterates his allegations that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was assaulted by Deputy Lewis on March 26, 2003, and by "officers" in May and August 2003. Molin alleges that, despite his requests for medical treatment, defendants failed to provide treatment for over two weeks.

Molin provides no analysis of the district court's reasoning or citations to any authority in support of his bare assertions that the court erred in dismissing his claims; he merely disagrees with the court's conclusions related to his deliberate indifference claims. Essentially, Molin's brief does little more than state that he was given the wrong or delayed treatment and was repeatedly assaulted, though he admits he cannot prove the assaults.

Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Molin's brief fails to satisfy the requirements of FED. R. APP. P. 28(a)(9), which requires an argument, with "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review."

General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, when an appellant fails to identify error in the district court's decision, it is as if he had not appealed that judgment. Id. This court "will not raise

and discuss legal issues that . . . [Molin] has failed to assert." <u>Id.</u>

Under the standard set forth in <u>Brinkmann</u> and <u>Yohey</u>, Molin has not adequately briefed any issue for this court's review. His appeal has no arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. <u>See</u> 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-88 (5th Cir. 1996). Molin is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; SANCTION WARNING ISSUED.