IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-20823
Conference Calendar

AMIR BENDAVID

                              Plaintiff-Appellant

v.

HARRIS COUNTY JAIL

                              Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3038

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Amir Bendavid, Harris County Jail prisoner # 01471297, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint.  Because the district
court dismissed Bendavid's complaint as frivolous under 28 U.S.C.
§ 1915(e)(2)(B)(i) and also for failure to state a claim under § 1915(e)(2)(B)(ii),
our review is de novo.  See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).
Given Bendavid's failure to plead any injury arising out of the alleged denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

adequate pens and library time, as well as his demonstrated ability to file pleadings in this matter, the district court did not err in dismissing Bendavid's complaint as frivolous and for failure to state a claim. See Geiger, 404 F.3d at 373; see Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

As Bendavid's brief fails to address the district court's dismissal of his other claims as improperly joined, those issues are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, Bendavid's brief fails to raise any issue of arguable merit, and we dismiss his appeal as frivolous. See 5TH CIR. R. 42.2; Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Bendavid's request for appointment of counsel is denied as moot.

The dismissal by the district court of Bendavid's suit and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba, 103 F.3d at 387-88. In addition, Bendavid previously accumulated two strikes in Molin v. Harris County Jail, 159 F. App'x 584 (5th Cir. 2005). As Bendavid has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.