# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 08-30156
Summary Calendar

JEROME TAPP

Plaintiff-Appellant

v.

TIM WILKERSEN; CORRECTIONS CORP OF AMERICA; ASSISTANT WARDEN MORGAN; SARGEANT BRINSON; CAPTAIN KNIGHT; KENNETH VERNON; CHIEF WALKER; CASE MANAGER SWAFFORD; T GLOVER; LIEUTENANT ARMSTRONG

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-1804

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerome Tapp, Louisiana prisoner # 119881, appeals the dismissal of his 42 U.S.C. § 1983 action which he filed asserting a denial of access-to-the-courts claim. Jerome alleged that when he was placed in administrative segregation, his legal documents were confiscated and never returned. He asserted that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested the documents in order to prepare for a motion to reconsider sentence that was eventually denied.

The district court dismissed Tapp's claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This court reviews the dismissal of a complaint pursuant to § 1915(e)(2)(B)(i) as frivolous for abuse of discretion; however, a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed "under the same de novo standard of review applicable to dismissals pursuant to FED. R. CIV. P. 12(b)(6)."  Geiger v. Jowers, 404 F.3d 371, 373 (2005); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  Because the district court dismissed the claims pursuant to both subsections, review should be de novo.  See Geiger, 404 F.3d at 373.  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted), cert. denied, 128 S. Ct. 1230, 1231 (2008).

Even assuming that the defendants did deny Tapp access to the courts, he fails to allege how he was prejudiced.  Tapp does not identify which documents were needed or why the documents were necessary for his motion to reconsider.  Merely obtaining an unsuccessful result at the motion hearing does not demonstrate a connection between the alleged denial of access to the documents and legal prejudice.  As such, Tapp's access-to-the-courts claim fails.  See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

Tapp does not challenge the district court's determination that he failed to allege a due process violation in regard to the loss of his property.  He has therefore abandoned the issue on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, the judgment of the district court is affirmed.

Tapp is informed that our affirmance of the district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Tapp is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.