**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-40117
Summary Calendar

SAMUEL MATTHEWS,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; RISSI OWENS; JOSE ALISEDA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:08-CV-245

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Samuel Matthews, Texas prisoner # 228600, appeals the district court's dismissal of his in pro se civil rights complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. We review de novo the district court's dismissal. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Matthews argues that he stated claims of ex post facto violations, discrimination and equal protection violations, and due process violations with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regard to the denial of his release on parole and the "off set" of consideration of his release on parole. He does not address the district court's determination that he failed to state a claim because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Matthews does not challenge the district court's determination that his claims were barred by *Heck*, he has abandoned the only issue before this court. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Matthews fails to challenge the basis for the district court's dismissal, his appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is dismissed. *See* 5TH CIR. R. 42.2. Matthews's motion for a preliminary injunction and bond/bail pending civil proceedings is denied.

APPEAL DISMISSED; MOTION DENIED.