**Gabriel M. SMITH, also known as Gabriel Marquette Smith, Plaintiff–Appellant**

v.

**TEXAS TECH UNIVERSITY; S. Reilly; Timothy Revell; Julito Uy; John Dorman; Dr. NFN Foust; J. Trevino; Joe Grimes; Guy Smith, Defendants–Appellees.**

No. 10–10248
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Gabriel M. Smith, Amarillo, TX, pro se.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Gabriel M. Smith, Texas prisoner # 1052786, proceeding pro se and in forma pauperis (IFP), appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). In that complaint, Smith alleged that Texas Tech University, various prison officials, and certain medical personnel had violated his constitutional rights by failing to provide him with adequate medical care, by failing to order work restrictions for him, and by denying his administrative grievances. Smith has moved this court for appointment of counsel. We deny that motion. *See Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir.1987).

On appeal, Smith argues that the district court's dismissal of his lawsuit was improper because Texas Tech University was not entitled to Eleventh Amendment immunity, his claims dismissed as untimely were part of a continuing violation, and his allegations were sufficient to establish deliberate indifference by the defendants. This court has noted that Texas Tech University is a state institution that is cloaked with sovereign immunity under the Eleventh Amendment. *United States v. Texas Tech University,* 171 F.3d 279, 289 n. 14 (5th Cir.1999). Even if Smith's assertion is correct that his claim regarding the delay of medical treatment for his wrist injury did not accrue until the date of his first surgery, that claim would nonetheless be barred by limitations. Moreover, none of his remaining claims show that the defendants exhibited deliberate indifference to his serious medical needs or otherwise violated his constitutional rights. *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir.2006); *Geiger v. Jowers,* 404 F.3d 371, 373–74 (5th Cir.2005). Accordingly, his claims were properly dismissed as frivolous and for failure to state a claim upon which relief could be granted.

The district court's dismissal of Smith's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir. 1996). Smith is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment IFP unless he is under imminent danger of serious physical injury. *See* § 1915(g).

The judgment of the district court is affirmed.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AFFIRMED; APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.