# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 10-10207
Summary Calendar

Lyle W. Cayce
Clerk

LESLIE LLOYD MOSS, also known as Leslie L. Moss,,

Plaintiff-Appellant

v.

JEFFREY A. BROWN; JOE PONDER; KRISTI SATTERFIELD; SUSANA S. FERNANDEZ; SUZZANNE TENORIO,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-110

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leslie Lloyd Moss, Texas prisoner # 896113, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit against officials of the Clements Unit of the Texas Department of Criminal Justice as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1). Moss argues that the dismissal of his excessive-force claims against Officer Jeffrey Brown and Sergeant Joe Ponder was error. He has waived by failing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10207

brief any challenge to the dismissal of his excessive-force claim against Lieutenant Kristi Satterfield or his claims of deliberate indifference to his serious medical needs. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also* FED. R. APP. P. 28(a)(9). Accordingly, the district court's dismissal of those claims is affirmed.

We review the district court's dismissal of the unwaived excessive-force claims de novo, accepting all well-pleaded facts as true and viewed in the light most favorable to the plaintiff. *Geiger v. Jowers*, 404 F.3d 371, 373 (2005); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[T]o state an Eighth Amendment excessive force claim, a prisoner . . . must show that force was applied not in a good faith effort to maintain or restore discipline, but rather that the force complained of was administered maliciously and sadistically to cause harm." *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993) (internal quotation marks and citation omitted); *see Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Five nonexclusive factors are considered in determining whether an excessive force claim has been established: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). The failure to protect an inmate from the use of excessive force by others can give rise to liability under § 1983. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

Moss's allegations, accepted as true and viewed in the light most favorable to him, state a claim for excessive force plausible on its face. *See In re Katrina*

*Canal Breaches Litigation*, 495 F.3d at 205. Specifically, he alleged that the force used against him was not applied in a good-faith effort to restore order but intentionally and maliciously to cause harm. *See Hudson*, 503 U.S. at 6-7; *Rankin*, 5 F.3d at 107. Moss asserted that he placed his arm through the food slot of his cell after being denied a meal, whereupon Sgt. Ponder threatened to call a use-of-force team, which Sgt. Ponder told him would result in a beating, and Officer Brown threatened to break his arm to close the food slot. Afraid of the threats, Moss withdrew his arm. Twenty minutes later, Sgt. Ponder returned with a seven-man use-of-force team, including Officer Brown, to place Moss on restriction and confiscate his property. Moss alleged that, when he failed to comply, the officers were ordered to spray chemical agent into the cell, in response to which he thrust his arm through the food slot a second time. Three officers, including Brown, were then ordered "to assist" his arm back into the cell. Moss asserted that two officers bent his fingers back but Officer Brown used an excessive amount of force, twisting and snapping his finger, causing it to break.

With respect to the above-listed *Baldwin* factors, Moss alleged that he suffered a concrete injury, a broken finger. Although the district court found that Moss frustrated the officers' attempts to use the least amount of force available, chemical spray, by thrusting his arm through the food slot of his cell a second time, the facts alleged do not show that the use of chemical spray was necessary or that Moss was not reacting to what he perceived to be an improper use of force, particularly in light of Sgt. Ponder's alleged prior threat that he would suffer a beating at the hands of a use-of-force team if one was called.

Even if it is assumed that some use of physical force was justified after Moss again placed his arm through his cell's food slot, Moss alleged that Officer Brown's use of force was excessive to the need and differed from that applied by the other two officers who pushed on his fingers. Moss specifically asserted that Officer Brown did not just bend his finger back but twisted and snapped it,

3

intentionally breaking it, as evidenced by his earlier threat to break Moss's arm in order to close the food slot.  The district court's finding that nothing in the record indicated that Officer Brown acted differently than the other officers or that he was not acting pursuant to a legitimate command is therefore premature.  Additionally, Moss alleged that Sgt. Ponder, who had been present when Officer Brown had threatened him, failed to ensure the minimum use of force and failed to intervene and protect him from Officer Brown's use of excessive force.

Further factual development may show that Moss's allegations are without merit.  However, at this early stage of the proceedings, dismissal was error as Moss's allegations are not facially frivolous and, if accepted as true and viewed in his favor, are sufficient to state a plausible claim for excessive force.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d at 205; *Bell Atlantic*, 550 U.S. at 555; *see also Rankin*, 5 F.3d at 107; *Baldwin*, 137 F.3d at 839; *Hale*, 45 F.3d at 919.  The district court's dismissal of the excessive-force claims against Officer Brown and Sgt. Ponder are therefore vacated, and the case is remanded for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**