# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
July 20, 2011

No. 10-10972
Summary Calendar

**Lyle W. Cayce**
**Clerk**

CHARLES CLAY WARNER, JR.,

Plaintiff-Appellant

v.

CURTIS JAMES WRIGHT; RICHARD G. LEAL; BONNIE YOUNG; JANAY B. WILLIAMS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-124

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles Clay Warner, Jr., Texas prisoner # 00502362, appeals the district court's judgment granting the defendants' motion for summary judgment, denying his counter motion for summary judgment, and dismissing his federal constitutional claims under 42 U.S.C. § 1983 and his claims under the Religious Land and Institutionalized Persons Act (RLUIPA). Warner has not addressed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's decision to decline supplemental jurisdiction over his state law claims and to remand those claims to the state court. Thus, he has abandoned those claims. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The record does not disclose a genuine dispute as to a material fact regarding the defendants' assertion of absolute immunity from damages under the Eleventh Amendment Thus, Warner is limited to obtaining only prospective injunctive relief if he proves his claims against TDCJ and the defendants in their official capacities. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

Nor does the record reveal a genuine dispute as to a material fact regarding the defendants' entitlement to qualified immunity in their individual capacities. When a defendant pleads qualified immunity as a defense, the court must determine whether the facts alleged by the plaintiff set forth a violation of a constitutional right and whether the constitutional right was clearly established at the time of the alleged misconduct. *See Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

In the absence of alleging a physical injury as a result of the alleged constitutional violations, Warner is not entitled to compensatory damages under § 1983 and RLUIPA. *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). In order to obtain injunctive relief or punitive or nominal damages under RLUIPA, Warner must have shown that "the challenged government action 'substantially burden[ed]' [his] 'religious exercise.'" *Mayfield v. Texas Dept. of Criminal Justice,* 529 F.3d 599, 613 (5th Cir. 2008). To recover under § 1983 for a violation of his right to exercise his religious freedom under the First Amendment, there must be a showing that the restriction was not

reasonably related to legitimate penological interests. *Turner v. Safely*, 482 U.S. 78, 89 (1987).

Wright argues that he was entitled to share Islamic materials with other persons based on a provision in the consent decree issued in *Brown v. Beto*, No. 4:74-CV-069 (S.D. Tex. 1977). The defendants contend that property transactions between offenders are prohibited under the prison's administrative directive, and this regulation authorized the confiscation of Warner's religious book from another offender's cell.

In support of their motion, the defendants presented Officer Wright's affidavit that reflected that Warner's book was confiscated based on the prison policy prohibiting transfers of property. Wright explained that in response to Warner's reliance on the consent decree, he confirmed that the property rule was applicable to Islamic religious materials. Warner's assertion that the consent decree authorized him to transfer the book was also contradicted by the evidence that the Muslim chaplain agreed that offenders could not transfer their religious books to another offender to bring back to his cell. The defendants also presented uncontested evidence that inmates are allowed to share religious materials during religious services and in the day room. The record does not reveal a genuine dispute as to the material fact that there are alternative reasonable means of practicing the Islamic ritual of Zakat made available by the prison. *See Adkins v. Kaspar*, 393 F.3d 559, 564 (5th Cir. 2004).

Thus, Warner has not provided evidence showing that the defendants placed a substantial burden on his ability to practice or to propagate his religion or that the prison policies are implemented in an unconstitutional manner. *See Mayfield,* 529 F.3d at 613. Warner has not provided evidence to rebut the defendants' evidence that the restriction placed on property transfers are related to a compelling and legitimate interests of prison officers to preserve order and security in the prison. *See Turner*, 482 U.S. at 89. Warner's claim that TDCJ failed to train its employees also fails as the record reveals no

genuine factual dispute fact regarding the constitutionality of the policy resulting in the confiscation of the book. *See Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 170 (5th Cir. 2010), *cert. denied,* 79 U.S.L.W. 3727 (U.S. June 27, 2011). Thus, the defendants were entitled to qualified immunity from liability arising from Warner's claims regarding his religious freedom. *Ontiveros,* 564 F.3d at 382.

Warner complains that he was deprived of his personal property without due process because there was no hearing conducted on the legality of the confiscation of his book and that the lack of due process was the result of TDCJ's failure to properly train its employees. A receipt of notice of the basis for the confiscation of the property action and a fair opportunity to rebut the allegations of wrongdoing are "the most important procedural mechanisms for purposes of avoiding erroneous deprivations." *Wilkinson v. Austin,* 545 U.S. 209, 226 (2005).

Warner completed the Texas prison's two-step grievance procedures and filed several other grievances and requests. He was provided with responses explaining the grounds for the confiscation of the book and the reasons why his subsequent grievances were redundant or improperly filed. Warner's position regarding the application of the consent decree was made clear in his grievances, and he did not show that he could have presented any additional evidence at a hearing that would have resulted in a change in the application of the prison policies or the return of his book. He has not refuted the State's contention that the book is still in the possession of the Robertson Unit property room and can be mailed to an address of his choosing at his expense. The record does not show a genuine material factual dispute regarding the adequacy of the due process which Warner received. Nor did he show a due process violation arising from TDCJ's failure to train its employees. Insofar as Warner complains about the manner in which Officer Young and Assistant Warden Leal processed his grievances, he has failed to allege a constitutional violation. *See Geiger,* 404 F.3d at 373-74. In light of the absence of evidence of a constitutional violation,

the defendants were entitled to qualified immunity from liability based on a due process violation. *Ontiveros*, 564 F.3d at 382.

The district court did not err in granting the defendants' motion for summary judgment, denying Warner's counter-motion for summary judgement, and in dismissing Warner's federal claims. Nor did Warner show that the district court erred in choosing not to exercise its supplemental jurisdiction over his state law claims and in remanding the case to the state court. The judgment is AFFIRMED.