# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2011

No. 10-11102
Summary Calendar

Lyle W. Cayce
Clerk

STEVEN LEIJA RODRIGUES, also known as Steven Leija Rodriguez,

Plaintiff-Appellant

v.

RICK PERRY, The State of Texas Governor; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; DEBRA MCCARTT, Mayor of Potter County; RANDALL C. SIMS, District Attorney Potter County; MIKE SHUMATE, Sheriff of Potter County,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-313

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven Leija Rodrigues, Texas prisoner # 1321746, proceeding pro se and in forma pauperis, filed a complaint against the defendants pursuant to 42 U.S.C. § 1983. The complaint alleged that Rodrigues was "charged" and "maliciously prosecuted" in Potter County in 2005 for aggravated kidnaping

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(case # 50,335-D) even though he was acquitted by a grand jury of the charge and that he was sent "to prison with a 15 year sentence for aggravated assault, a conviction that doesn't belong to" him.  According to Rodrigues, this aggravated assault conviction (case # 32,784-C) is in the name of Leonard Christopher Cantly.   He believes that he is wrongly being held in custody pursuant to Cantly's aggravated assault conviction.

The dismissal of Rodrigues's claims, as both frivolous and for failure to state a claim, is reviewed de novo, using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals.    *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A review of the record reveals that the district court correctly determined that Rodrigues's claims were foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Rodrigues's attack on Cantly's conviction, as well as his attack on his own aggravated assault conviction, to the extent he seeks release from confinement, must be raised in a habeas corpus proceeding, not a § 1983 action, *see Preiser*, 411 U.S. at 499-500, and to the extent he seeks damages for his illegal imprisonment, his complaint is barred by *Heck* because, and contrary to his arguments, he can only satisfy the *Heck* requirements by having a court declare his convictions invalid in a habeas proceeding, which he has not done.  *See Heck*, 512 U.S. at 486-87.

Accordingly, the district court's judgment is AFFIRMED.