United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10299

MICHAEL EUGENE GEIGER,

Plaintiff-Appellant,

versus

NANCY JOWERS; LINDA WRIGHT; DIXIE HOLCOMB; RICHARD DUFFY; FRANK
POHLMEIER; SUSAN SCHUMACHER; R. HEINSOHN; CYNTHIA HARRELL; RUBY
WARREN; MAIL SERVICE COORDINATOR PANEL, AND Staff Director,
Huntsville, Texas, TDCJ,

Defendants-Appellees

On Appeal from the United States District Court
for the Northern District of Texas

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Michael Geiger, proceeding pro se and in forma pauperis ("IFP"), appeals the dismissal of his 42 U.S.C. § 1983 suit as frivolous and barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). We affirm.

I. FACTS AND PROCEEDINGS

Geiger, a Texas prisoner, sued prison officials, including mail room, security, and grievance personnel and the Mail Service Coordinator Panel. He alleges that, in retaliation for an earlier lawsuit that he filed against prison officials, employees in the

mail room, acting in concert with security officials, withheld (and subsequently lost) mail that he had ordered and paid for — two pornographic magazines — and that officials charged with handling prisoner grievances failed to remedy the situation after he filed formal grievances.

The magistrate judge ("MJ") concluded that Geiger had not fully exhausted his administrative remedies for his claim of retaliation by mail room officials; that his claim relating to a deprivation of property was not actionable under the Due Process Clause of the Fourteenth Amendment; that his allegation of conspiracy among the defendants had no factual basis; and that his claim that prison officials failed properly to investigate his grievances was frivolous because he has no protected liberty interest in grievance procedures. The MJ construed Geiger's central claim of mail tampering as a First Amendment claim for which he sought compensatory damages for mental and emotional distress. Accordingly, pursuant to § 1997e(e), the MJ concluded that Geiger was barred from seeking such compensatory relief because he did not allege physical injury. The MJ thus recommended dismissing the suit as frivolous and barred by the physical injury requirement of § 1997e(e).

In his timely objection to the report, Geiger claimed, inter alia, that the MJ incorrectly characterized his suit as claiming only mental and emotional injuries, as he was also asserting a deprivation of property and mail tampering. The district court

2

overruled the objections, concluding that Geiger does not state a due process claim for deprivation of property and that his mail tampering claim, construed as a First Amendment claim, is barred by the physical injury requirement of § 1997e(e). The district judge adopted the MJ's report and dismissed the complaint.

## II. ANALYSIS

A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact.[1] "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[2] We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous for abuse of discretion,[3] and the dismissal of a complaint under 28 U.S.C. § 1915A and § 1997e(c)(1) de novo.[4] Because the district court referred to all three statutes in dismissing Geiger's claims, we review the issues de novo.[5]

---

[1] See Denton v. Hernandez, 504 U.S. 25, 31–32 (1992); Harper v. Showers, 174 F.3d 716, 718 & n.3 (1999) (5th Cir. 1999); see also 28 U.S.C. § 1915(e)(2)(B)(i) (allowing dismissal of IFP complaint if frivolous).

[2] Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997)).

[3] See Denton, 504 U.S. at 33-34; Harper, 174 F.3d at 718.

[4] See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

[5] See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

The court did not err in dismissing Geiger's retaliation claim as frivolous based on failure to exhaust administrative remedies. As Geiger does not present any facts or arguments indicating error related to this claim, he has abandoned it.[6]

Geiger also alleged that prison officials failed properly to investigate his grievances and letters complaining about the conduct of the mail room and security staff. Insofar as he seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"[7] Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

---

[6] Although pro se briefs are to be liberally construed, see, e.g., Amin v. Universal Life Ins. Co., 706 F.2d 638, 640 n.1 (5th Cir. 1983), pro se litigants have no general immunity from the rule that issues and arguments not briefed on appeal are abandoned. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1998); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

[7] Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

4

Neither did the district court err in dismissing as frivolous Geiger's § 1983 claim as it relates to a deprivation of property. Although Geiger's complaint on this point is murky at best, he appears to allege that the deprivation was a result of the negligent acts or intentional misconduct (or both) of prison employees. Ultimately, however, it is of no consequence whether Geiger alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property.

In his First Amendment claim, Geiger contends that he suffered mental anguish, emotional distress, psychological harm, and insomnia as a result of this dispute with prison officials. To the extent Geiger seeks compensation for injuries alleged to have resulted from a First Amendment violation, the district court properly determined that his claim is barred by the physical injury requirement of § 1997e(e).[8]

The applicability of § 1997e(e) to prisoners' First Amendment claims is a question of first impression in this circuit.[9]

---

[8] 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

[9] The potential applicability has been noted by other panels. See Clarke v. Stalder, 121 F.3d 222, 227 n.8 (5th Cir.) (suggesting in dictum that monetary relief but not injunctive relief "might be difficult" in light of § 1997e(e)'s physical injury requirement in a § 1983 suit alleging a First Amendment violation), vacated for reh'g en banc, 133 F.3d 940 (5th Cir. 1997); Oliver v. Scott, 276 F.3d 736, 747 n.20 (5th Cir. 2002) (declining to reach issue of

5

Previously, however, we have applied the PLRA's physical injury requirement to bar recovery of compensatory damages for mental and emotional injuries (absent physical injury) in Eighth Amendment cases.[10]

Geiger has not presented any reason for us to treat prisoners' First Amendment claims differently from those alleging Eighth Amendment violations. Indeed, even if there were such a reason, the unqualified and unambiguous statutory text — "no federal civil action" — precludes any such differentiation.

We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-

whether PLRA's physical injury requirement applies to equal protection claims, noting that "[w]e have not considered the application of the PLRA to constitutional violations usually unaccompanied by physical injury, such as First Amendment retaliation claims, privacy claims, and equal protection claims").

[10] See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (applying § 1997e(e)'s physical injury requirement to Eighth Amendment claims and holding that § 1997e(e)'s physical injury requirement is coextensive with Eight Amendment's physical injury test); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (applying § 1997e(e) to bar psychological damages absent allegation of more than de minimis physical injury in § 1983 claim alleging Eighth Amendment violation); Herman v. Holiday, 238 F.3d 660, 665–66 (5th Cir. 2001) (applying § 1997e(e) to bar recovery of money damages for emotional or mental damage absent adequate showing of physical injury in Eighth Amendment claim).

6

recoverable, absent physical injury.[11] Thus, as the district court correctly held, Geiger's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.

This does not end our inquiry, however. In addition to a claim for compensatory relief, Geiger's complaint requested the court to "implement a mail safeguard" and "issue injunctive relief pending outcome." This court has held in the Eighth Amendment context that the physical injury requirement of § 1997e(e) does not apply to requests for declaratory or injunctive relief.[12]

---

[11] See, e.g., Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001) (explaining that the plain language of § 1997e(e) "does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted"); Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (reasoning that "§ 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong"); see also Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (reading § 1997e(e) "as limiting recovery for mental or emotional injury in all federal civil actions brought by prisoners," and rejecting argument that First Amendment claims are exempt from the statutory limitation on recovery); Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) ("[W]e conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations."); Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000) (rejecting argument that First Amendment claim for compensatory damages absent physical injury was outside the scope of the PLRA, because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); but see Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (stating that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought") (footnote omitted).

[12] See, e.g., Herman, 238 F.3d at 665.

7

Nevertheless, a more basic bar than § 1997e(e) stands in the way of equitable relief in this case; to the extent Geiger seeks injunctive relief for a First Amendment violation, Geiger's request is barred by the standing limitation described in <u>City of Los Angeles v. Lyons</u>.[13]  The district court lacks jurisdiction to entertain Geiger's claim for injunctive relief because Geiger has not shown or even alleged a likelihood of future harm.  Geiger's allegations that defendants withheld his magazines on a single occasion does nothing to establish a real and immediate threat that defendants would violate his First Amendment rights in the future.[14]

### III. CONCLUSION

For the foregoing reasons, the district court's judgment of dismissal is

AFFIRMED.

---

[13] 461 U.S. 95 (1983).

[14] <u>Cf.</u> <u>id.</u> at 105.  To the extent that Geiger's brief can be read as challenging as unconstitutional what appears, from the limited record available, to be a post-dismissal policy implemented by the prison banning all sexually explicit publications, this argument is not properly before the court. <u>See, e.g.</u>, <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999) (explaining that arguments not asserted in district court cannot be raised for the first time on appeal).