

# NUMBER 13-08-00314-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RODOLFO MORALES,**                                           **Appellant,**

**v.**

**LINDA CARRANZA, ET AL.,**                                **Appellees.**

### On appeal from County Court
### of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Justice Yañez

Appellant, Rodolfo Morales, an inmate, filed suit pro se and in forma pauperis against appellees, Linda A. Carranza, Marianne Wilson, Lana Posdim, and Kelli Ward.[1]

---

[1] Appellees are employees of the Texas Department of Criminal Justice.

By one issue, Morales challenges the trial court's dismissal of his suit as frivolous.[2]  We affirm.

## I. BACKGROUND

Morales purchased a wooden Realistic radio at a Texas Department of Criminal Justice ("TDCJ") commissary in 1988.  When he was transferred to the Stevenson Unit of the TDCJ in 2007, Wilson, the property room supervisor of the Stevenson Unit, confiscated the radio pursuant to unit policy requiring inmates to have transparent plastic radios. Wilson offered Morales a transparent radio; however, he refused it and instead filed a "Step 1 Grievance Form" complaining of the "illegal [and] unauthorized denial of an entitlement or privilege."  Morales, citing TDCJ regulations, alleged that he was entitled to return of the radio pursuant to the TDCJ's administrative directive allowing an inmate to keep property purchased at a unit commissary.[3]  Assistant Warden Carranza denied Morales's grievance stating that "[d]uring the shakedown of 2005 all wooden Realistic radios were confiscated and replaced with clear AM/FM radios.  You were given a clear radio and allowed to mail your Realistic radio home.  As of date you have not done so.  It would take 15 stamps."  Morales then filed a "Step 2 Grievance Form," which was denied by Ward.  Ward stated:

> An investigation has been conducted and found that your Step 1 response was appropriate.  You were provided with a clear AM/FM radio and property papers to prove ownership.  Furthermore, you were afforded the opportunity to send the wooden realistic radio home at the cost of 15 stamps. You must contact the property officer concerning disposition of the radio or it will be disposed of according to policy.  No further action is warranted.  JC-D

On November 13, 2007, Morales filed his suit seeking return of the radio, alleging

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002).

[3] The TDCJ regulations cited by Morales in his grievance are not included in the record.

it was confiscated in violation of TDCJ policy and seeking a declaratory judgment and injunctive relief. Specifically, Morales asked for

> a Declaratory judgment in the form of a determination that TDCJ-ID employees' actions violated TDCJ-ID Administrative Directive, and the 'Grandfather Clause'. . . . That this complaint is cognizable under a common law/statutory scheme of tort law. Additionally, Plaintiff seeks injunctive relief in the form of an order to cease, desist, and refrain from taking actions outside Agency guidelines, and to return Plaintiff's Realistic radio to his possession.[4]

After filing its answer, the State filed a motion to dismiss pursuant to section 14.003 of the civil practices and remedies code.[5] In his response to appellees' motion, Morales asserted that he was suing appellees for detinue[6] and for violating the fourth amendment of the United States Constitution.[7] Specifically, Morales stated that appellees violated the TDCJ policy, which allows him to keep property that was purchased at a commissary even after being transferred to a new facility. Morales quoted the regulation as follows: "Offenders transferring from another TDCJ unit will be authorized to retain any items previously purchased from an approved commissary list regardless of the date purchased. Unit Administration may restrict the use of certain items on a unit. . . ."

The trial court held a hearing on appellees' motion to dismiss. However, a reporter's record of that proceeding has not been filed in this case.[8] The trial court then granted

---

[4] We note that in his petition, Morales did not state a cause of action or a legal basis to support his claims for declaratory judgment and injunctive relief.

[5] *See id.*

[6] At common law, a plaintiff could sue in detinue when a defendant unlawfully detained the plaintiff's property, and the plaintiff desired to recover the property. *See Hankey v. Employer's Cas. Co.*, 176 S.W.2d 357, 360-61 (Tex. Civ. App.–Galveston 1943, no writ).

[7] The State argues on appeal that Morales's fourteenth amendment due process and conversion claims were frivolous. However, in his appellate brief, Morales states that he did not allege a fourteenth amendment due process or conversion claim in his petition. Therefore, we will not address the State's arguments.

[8] The county clerk has informed this Court that no court reporter was present at the hearing.

3

appellees' motion and dismissed Morales's suit as frivolous. This appeal ensued.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

Pursuant to civil practices and remedies code section 14.003, a trial court may dismiss a suit filed by an indigent inmate if the trial court finds that the claim is frivolous.[9] A claim is frivolous, among other reasons, if it has no arguable basis in law or in fact.[10] A trial court has "broad discretion" to dismiss an inmate's suit.[11] A trial court's dismissal of an action as frivolous is subject to review under an abuse of discretion standard.[12] In reviewing the trial court's determination, we review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers.[13] And, "[t]o determine whether the trial court properly decided there was no arguable basis in law for appellant's suit, we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief."[14] Furthermore, we take all of the allegations in the inmate's petition as true.[15]

## III. ANALYSIS

---

[9] TEX. CIV. PRAC. & REM. CODE ANN. § 14.003.

[10] *Id.* § 14.003(b).

[11] *Martin v. Tex. Bd. of Criminal Justice*, 60 S.W.3d 226, 229 (Tex. App.–Corpus Christi 2001, no pet.) (citing *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.–Houston [14th Dist.] 1996, writ denied); *Thomas v. Tex. Dept. of Criminal Justice, Inst. Div.*, 848 S.W.2d 797, 798 (Tex. App.–Houston [14th Dist.] 1993, writ denied)); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (citing TEX. CIV. PRAC. & REM. ANN. CODE § 14.003(a)(2)).

[12] *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied).

[13] *See Lentworth*, 981 S.W.2d at 722.

[14] *Jackson*, 28 S.W.3d at 813.

[15] *Id.* (citing *Harrison v. Tex. Dept. of Criminal Justice–Inst. Div.*, 915 S.W.2d 882, 888 (Tex. App.–Houston [1st Dist.] 1995, no writ)).

4

Morales argues that appellees violated his fourth amendment rights by not returning his radio to him. Morales asserts that as an inmate, he must show that the "seizure went beyond a legitimate penological interest," and that in this case, the "seizure" of his radio did not serve that purpose. This is the extent of Morales's argument.

The fourth amendment to the United States Constitution protects citizens from unreasonable searches and seizures. It states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[16] Morales does not cite to authority, and we find none, supporting a conclusion that appellees violated his fourth amendment rights by confiscating his radio pursuant to unit rules requiring transparent radios. Furthermore, Morales does not provide a clear and concise argument supporting his assertion that his fourth amendment claim is meritorious as a matter of law.[17] Therefore, Morales's fourth amendment claim is without merit.[18]

Next, appellant argues that his claim for detinue is meritorious and that the trial court erred in dismissing his suit on that basis.[19] "At common law when a defendant unlawfully detained property from a plaintiff, the plaintiff might sue him either in detinue or trover. If

---

[16] U.S. CONST., amend. IV.

[17] *See* TEX. R. APP. P. 38.1(i).

[18] *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) ("A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.").

[19] In his petition, Morales does not state the cause of action he alleges; however, because we must liberally construe a pro se plaintiff's petition, we conclude that he has asserted facts which put the appellees on notice of his claim—that he is entitled to the return of his Realistic radio.

he sued in detinue it was because he desired to recover his property together with damages for its unlawful detention."[20] It is the "wrongful refusal of return [of the item] after demand" that gives the plaintiff a claim for detinue.[21]

On appeal, Morales argues that as State employees, appellees are proper parties to the suit for detinue, reasoning that "a common-law/statutory scheme exists for negligent, intentional, or reckless destruction of property." We conclude that this argument is without merit; Morales did not allege in his petition that appellees destroyed his radio. As to his detinue cause of action as stated in his petition, Morales did not allege that Carranza, Posdim, or Ward detained his property.[22] Therefore, the trial court properly dismissed Morales's claim for detinue against Carranza, Posdim, and Ward as having no basis in law.

Moreover, the trial court determined that Morales's claims did not have any basis in fact after conducting an evidentiary hearing. Without a reporter's record, we must presume that any facts presented at the hearing supported the trial court's order.[23] Therefore, we must presume that the trial court found that Morales's claims had no factual basis because Wilson lawfully confiscated his radio based on unit rules. Absent a record

---

[20] *Hankey*, 176 S.W.2d at 360-61.

[21] *Kay & Co. v. Lanark Corp.*, 301 S.W.2d 499, 503 (Tex. Civ. App.–Galveston 1957, no writ).

[22] Morales claimed that Carranza "aided and abetted the illegal/unauthorized confiscation of [his] personal property by promulgating certain rules and regulations relating to Prisoner's right to retain possession of wooden Realistic radios." Morales stated that Posdim did not "review the Step 1 grievance, research TDCJ policy, or inform . . . Carranza and Wilson that the confiscation of [his] Realistic radio was in violation of TDCJ-ID Administrative Directive which, [sic] allowed [him] to retain possession of the radio." Morales claimed that Ward "did not properly investigate the Step 1 answer at the Step 2 level, research the TDCJ-ID Offender Property Policy or the 'Grandfather Clause,' and inform . . . Carranza, Wilson, and Posdim that, the confiscation of [his] Realistic radio violated" regulations.

[23] *See Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.–Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order."); *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 165 (Tex. App.–Texarkana 2005, no pet.) ("When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, a presumption arises that the reporter's record would support the trial court's judgment.").

from the hearing on appellees' motion to dismiss, we cannot conclude that the trial court abused its discretion in granting appellees' motion to dismiss.[24]

Therefore, we conclude that the trial court did not abuse its discretion in determining that Morales's fourth amendment and detinue claims against appellees were frivolous.[25] We overrule Morales's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
LINDA R. YAÑEZ
Justice

Delivered and filed the
22nd day of April, 2010.

---

[24] *See In re Pilgrims Pride Corp.*, 187 S.W.3d 197, 199 (Tex. App.–Texarkana 2006, orig. proceeding) ("Without a reporter's record, we could only speculate whether there was evidence to support the trial court's denial of [relator's] motions to compel discovery, to delay the trial date, and to enter a scheduling order.").

[25] Morales generally asserts that he was entitled to injunctive and declaratory relief and states that he may bring such a claim against appellees, citing authority concerning sovereign immunity. However, he does not support his assertion that he is entitled to the relief sought with a clear and concise argument and appropriate citations to appropriate authority. Therefore, we conclude that he has waived those assertions. *See* TEX. R. APP. P. 38.1(i).

7