# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2010

No. 10-10296
Summary Calendar

Lyle W. Cayce
Clerk

VINCENTE ORTIZ,

Plaintiff-Appellant,

v.

GILES W. DALBY CORRECTIONAL FACILITY; S. A. HOLENCIK; WARDEN
L. J. RASBEARY; ASSOCIATE WARDEN H. BRYAN,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-261

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Vincente Ortiz, formerly federal prisoner # 64845-208, appeals the district court's dismissal of his complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which he alleged that prison officials negligently or maliciously lost his personal property and caused him psychological impairment and an inability to trust authority. The district court, concluding that Ortiz had failed to show a due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation, dismissed the complaint as frivolous and for failure to state a claim. Because the district court cited 28 U.S.C. §§ 1915, 1915A, and 42 U.S.C. § 1997e, we review the dismissal *de novo*. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The negligent deprivation of property by a government official does not amount to a due process violation. *Daniels v. Williams*, 474 U.S. 327, 332-33 (1986). Moreover, Oritz has failed to state a claim that correctional officers intentionally deprived him of his property. Accordingly, the judgment of the district court is AFFIRMED.