# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2011

No. 10-50629
Summary Calendar

Lyle W. Cayce
Clerk

LEE SCOTT CLEMONS,

Plaintiff-Appellant

v.

CAROL E. MONROE, Assistant Warden, John B. Connally Unit; TERESA G. BATES, Mailroom Supervisor, John B. Connally Unit; JENNIFER SMITH, Program Specialist, Huntsville Grievance Department; JOHN DOE #1, known as 106N4 to Plaintiff, Step 2 Grievance Investigator, Huntsville Grievance Department; VANESSA C. OCANAS, Clerk II, John B. Connally Unit; CARMEN M. RIVAS, Clerk II, John B. Connally Unit; MICHELLE E. SMART, Clerk II, John B. Connally Unit; DEBBIE D. STRAIT, Administrative Assistant I, John B. Connally Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-290

Before GARWOOD, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Lee Scott Clemons, Texas prisoner # 1480501, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clemons alleged that prison officials at the John B. Connally Unit in Kenedy, Texas, where he is currently incarcerated, violated his constitutional right to access to the courts by confiscating photographs that were included in the trial record, which had been mailed to him by his attorney, on the grounds that the photographs were sexually explicit. He also alleged that some of the defendants failed to adequately resolve his complaints regarding the incident.

A prisoner's civil rights complaint may be dismissed at any time if it is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); § 1915A; 42 U.S.C. § 1997e(c)(1). Because the district court dismissed the complaint both as frivolous and for failure to state a claim, the dismissal is reviewed de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).[1]

Clemons contends that the censorship of his clearly marked legal mail outside of his presence violated his constitutional right of access to the courts and that the defendants were not entitled to qualified immunity because their actions were outside the scope of their duties under Texas Department of Criminal Justice (TDCJ) policies. He further contends that the photographs

---

[1] The magistrate judge on April 27, 2010, sua sponte ordered that the complaint failed to state a claim and was frivolous on the grounds, *inter alia*, herein noted, and would be dismissed if Clemons did not within 21 days file an amended complaint curing the deficiencies. On May 17, 2010, Clemons mailed for filing his "Memorandum of Law in Support of the Plaintiff's Complaint." On June 2, 2010, the district judge entered an order dismissing the complaint with prejudice, generally for the same reasons as stated in the magistrate judge's April 27 order. On June 2, 2010, the district judge entered judgment dismissing the cause with prejudice as frivolous and for failure to state a claim and because monetary relief was sought from immune defendants. On June 4, 2010, the Clerk's Office received and filed plaintiff's "Amendment/Supplemental Response to Order to Show Cause," which did not seek to amend the original complaint or add to it factual allegations, but merely argued that the original complaint legally sufficed to state a claim. On June 25, 2010, plaintiff mailed for filing his Rule 59(e) "Motion To Alter Or Amend Judgment," which motion was filed June 30, 2010. Likewise on June 25, 2010, plaintiff mailed for filing his notice of appeal "from the Order of Dismissal filed in the court on June 2, 2010," such notice of appeal being filed June 30, 2010. By order signed and entered July 12, 2010, the district court denied the said Motion To Alter Or Amend The Judgment. Plaintiff has not filed a notice of appeal from the July 12, 2010 order.

themselves were not pornographic but were closeups of the alleged injuries to the minor victim's genitalia, which would not result in his sexual gratification, and that the district court should not have accepted the TDCJ's finding that the photographs were sexually explicit without first viewing the photographs. Sexually explicit material, though not legally obscene, may constitute contraband in the prison context. *See Thompson v. Patteson*, 985 F.2d 202, 205-06 (5th Cir. 1993).

The opening of incoming legal mail outside an inmate's presence for the purpose of inspecting for contraband does not violate a prisoner's constitutional rights. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Thus, insofar as Clemons asserts that his constitutional rights were violated when the mail clerks opened and inspected his legal mail outside of his presence, this assertion, alone, is insufficient to state a claim for relief, as the district court concluded.

Further, although interference with prison mail that prevents an inmate from "prepar[ing] and transmit[ting] a necessary legal document to a court" does violate an inmate's constitutionally protected right of access to the courts, *see id.* at 825-26, Clemons has failed to demonstrate an actual legal injury stemming from the defendants' unconstitutional conduct, that is, he has failed to demonstrate that he was prevented from raising a meritorious legal issue. *See Lewis v. Casey*, 518 U.S. 343, 351-52, 116 S.Ct. 2174, 2180-81 (1996).

Clemons has failed to demonstrate that the district court erred in dismissing his civil rights complaint pursuant to § 1915A(b)(1). Accordingly, the judgment of the district court is AFFIRMED.