**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

Lyle W. Cayce
Clerk

No. 11-10068
Summary Calendar

JOHN T. JOSEY,

                                        Plaintiff-Appellant,

versus

WILLIAM WALLACE, Trooper of the Texas Department of Public Safety;
RUSSELL REID, Trooper of the Texas Department of Public Safety;
JOHN HALLENBECK, Trooper of the Texas Department of Public Safety;
TIM MURPHY, Trooper of the Texas Department of Public Safety;
GREGORY HAIR, Trooper of the Texas Department of Public Safety;
GREG LOWREY, District Attorney, Wise County, Texas;
TIM COLE, Assistant District Attorney, Wise County, Texas;
DISTRICT ATTORNEY OFFICE, Wise County, Texas,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:10-CV-843

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

        While incarcerated as a pretrial detainee, John Josey filed a 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10068

§ 1983 complaint against the above-named defendants.  The district court conducted a preliminary screening and dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1).  Josey appeals.

Because the complaint was dismissed as frivolous and for failure to state a claim, we review that dismissal *de novo.  See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  The district court determined that the prosecuting attorneys whom Josey named as defendants were absolutely immune from suit.  The court determined that Josey had not alleged a claim of excessive use of force against the state troopers named as defendants, because Josey had not alleged any injury.  Although Josey asserts that his constitutional rights were violated, he does not challenge these determinations by the district court. Accordingly, he has abandoned on appeal any challenge to the basis for the dismissal of his complaint.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Further, there is no authority to support Josey's contention that a dismissal under § 1915A must be entered within thirty days of the filing of a complaint subject to dismissal thereunder.

The dismissal of the complaint as frivolous and for failure to state a claim upon which relief may be granted counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Josey has had at least two other civil rights complaints dismissed as frivolous and for failure to state a claim, and those dismissals also count as strikes.  *Josey v. Bell Cnty., Tex.*, No. 6:03-CV-63 (W.D. Tex. Sept. 29, 2003); *Josey v. Tex. Dep't of Pub. Safety*, No. 6:03-CV-39 (W.D. Tex. June 16, 2003).  Because Josey has accumulated three strikes, he is now barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

The judgment of dismissal is AFFIRMED.