# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2012

No. 11-10692
Summary Calendar

Lyle W. Cayce
Clerk

RONALD EDWARDS,

Plaintiff-Appellant

v.

TOMMY LOGGINS, Jailer, Grievance Officer; SUSAN KERHLN, Jailer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-118

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ronald Edwards, Texas prisoner # 1611125, filed a 42 U.S.C. § 1983 civil rights complaint, alleging that, while he was a pretrial detainee at Eastland County Jail, Tommy Vaughns (Vaughns), the Eastland County Jail Administrator, and Sheriff Bradford (Bradford) were deliberately indifferent to his medical needs and Tommy Loggins (Loggins) and Susan Kirklin (Kirklin), guards at Eastland County Jail, subjected him to excessive force. Edwards's claims disposed of on September 17, 2010, and June 13, 2011, are properly before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court.  *See*  FED. R. APP. P. 4(a)(1)(A); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 327 (5th Cir. 2009); *Dickinson v. Auto Cntr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983).

On appeal, Edwards asserts that the magistrate judge and the district court improperly evaluated his claims as arising under the Eighth Amendment rather than the Fourteenth Amendment.  Edwards is correct.  At all relevant event times, Edwards was a pretrial detainee.  As a pretrial detainee, Edwards's constitutional rights were derived from the Fourteenth Amendment.  *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc).  Thus, the magistrate judge and the district court erred when they cited to the Eighth Amendment as the source of Edwards constitutional rights.  However, despite this error, the standards used by the magistrate judge and the district court to measure the defendants' culpability and evaluate Edwards's claims were correct. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Brothers v. Klevenhagen*, 28 F.3d 452, 455-58 (5th Cir. 1994); *Valencia v. Wiggins*, 981 F.2d 1440, 1443-45 (5th Cir. 1993); *see also Hudson v. McMillian*, 503 U.S. 1, 5-10 (1992).

The magistrate judge's order entered on September 17, 2010, dismissed as frivolous Edwards's claims against all of the defendants in their official capacity and against Vaughns and Bradford for deliberate indifference to his serious medical needs.  On appeal, Edwards fails to challenge the magistrate judge's findings and conclusions with respect to its dismissal of all claims against all defendants in their official capacity.  By failing to identify any error in the magistrate judge's judgment regarding these claims, it is the same as if Edwards had not appealed those issues.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Edwards has thus abandoned on appeal any arguments against the dismissal of these claims.

Edwards asserts that his claims against Vaughns and Bradford were wrongfully dismissed because these defendants were deliberately indifferent to

his serious medical needs.  Because the magistrate judge dismissed these claims as frivolous, review is for abuse of discretion.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

In the context of medical needs, the deliberate indifference standard is met when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see Hare*, 74 F.3d at 650.  The officer must have subjective intent to cause harm.  *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

Edwards has not satisfied this standard.  Edwards asserts that Vaughns and Bradford were deliberately indifferent to his medical care because they ignored his condition for a week and cancelled his scheduled hand surgery.  Even if these allegations are taken as true, Edwards does not show how these actions constitute deliberate indifference.  Edwards does not allege that Vaughns and Bradford knew that their actions would expose Edwards to a substantial risk of harm to his health.  *See Farmer*, 511 U.S. at 837.  He also does not allege that Vaughns and Bradford denied him medical care, purposefully gave him improper treatment, ignored his medical complaints, or failed to train or supervise other workers with the intent to harm.  *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  In contrast, Edwards acknowledges that he received medical care, prescription medications, and follow-up medical care for his wrist injuries.  Accordingly, the magistrate judge did not abuse his discretion in dismissing as frivolous Edwards's claims against Vaughns and Bradford for deliberate indifference to his serious medical needs.  *See Farmer*, 511 U.S. at 837; *Hare*, 74 F.3d at 643.

Edwards next asserts that the district court erred when it granted Loggins's and Kirklin's motion for summary judgment.  This court reviews de novo a district court's grant of summary judgment.  *Nickell v. Beau View of*

*Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, when, as here, the defendants have asserted qualified immunity in a summary judgment motion, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2932 (2011). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Edwards contends that Loggins and Kirklin used excessive force when they handcuffed him behind his back after he was treated for his self-inflicted wrist injuries. The defendants assert that they are entitled to qualified immunity and that they did not use excessive force.

To determine whether a defendant is entitled to qualified immunity, this court must address the following questions in any order: "(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Jennings v. Patton*, 644 F.3d 297, 300 & n.3 (5th Cir. 2011) (internal quotation marks and citation omitted). For a pretrial detainee to show a constitutional violation on an excessive use of force claim, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but rather was applied maliciously and sadistically with the intention to cause harm. *Hudson*, 503 U.S. at 5-10; *Valencia*, 981 F.2d at 1446. Edwards does not satisfy this showing.

The defendants' motion for summary judgment evidence included an affidavit executed by Loggins and another executed by Kirklin. The affidavits

make clear that handcuffing Edwards was not done for the very purpose to cause Edwards harm. *See Oliver*, 276 F.3d at 744. Edwards conclusional assertions on appeal do not show otherwise. Accordingly, the district court did not err in granting Loggins and Kirklin's motion for summary judgment. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

AFFIRMED.