**IN THE UNITED STATES COURT OF APPEALS**
       **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2012

No. 11-60714
Summary Calendar

Lyle W. Cayce
Clerk

VERNON THREADGILL,

                    Plaintiff–Appellant,

v.

ROBERT MOORE, Medical Director; KEN KAISER, Medical Staff; TRACY
PHILLIPS; NURSE SAMANTHA GONZALEZ; GLORIA PERRY, Medical
Director; MARGARETT BINGHAM, Superintendent; LATICHA SWINNEY,
Correctional Officer; CHRISTOPHER EPPS, Commissioner,

                    Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-378

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vernon Threadgill, Mississippi prisoner # 13351, appeals the district
court's grant of summary judgment in favor of the defendants and the dismissal
without prejudice of his 42 U.S.C. § 1983 complaint. We review the grant of a
motion for summary judgment de novo. *Carnaby v. City of Houston*, 636 F.3d
183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  We read all facts and draw all inferences in a light that is most favorable to the nonmovant. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, a nonmovant may not overcome summary judgment with conclusory allegations, unsupported assertions, or presentation of only a scintilla of evidence.  *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

The district court determined that contrary to the requirements of 42 U.S.C. § 1997e(a), Threadgill failed to exhaust his administrative remedies before filing his civil rights complaint.  On appeal, Threadgill asserts that prison officials thwarted his efforts to exhaust his administrative remedies and that he should thus be excused from the exhaustion requirement.  He also asserts that he complied with the prison grievance process because he never received a Step One response and he was thus not required to appeal to Step Two.

We have excused exhaustion in similar context, on the grounds of estoppel, when a prisoner is able to show that his failure to exhaust was due to reasonable reliance on the actions of the other party.  *See Dillon*, 596 F.3d at 270.  However, Threadgill has not demonstrated that he reasonably relied on the defendants' actions in failing to exhaust his administrative remedies.  To the contrary, his backlogged grievances were the result of his own litigiousness and were not an impediment created by prison officials.  In addition, to the extent that Threadgill's claim rests on his allegation that prison personnel did not follow the required grievance procedures, he has not presented a constitutional claim as required under § 1983.  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).  The district court therefore did not err in granting summary judgment in favor of the defendants.  *See* FED. R. CIV. P. 56(a).  Consequently, the judgment of the district court is AFFIRMED.  Threadgill's motion for leave to file an out-of-time reply brief is DENIED.  His motion for appointment of counsel is likewise DENIED.