# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2014

Lyle W. Cayce
Clerk

No. 13-50231
Summary Calendar

DAVID R. SALINAS,

Plaintiff-Appellant

v.

CHARLEY VALDEZ, Director/Supervisor of Classification and Records / In his Individual Capacity; JONI WHITE, Director/Supervisor of Classification and Records / In his Individual Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-10

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

David R. Salinas, Texas prisoner # 1700761, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). We review the district court's dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50231

If his brief is liberally construed, Salinas asserts that the district court's dismissal was error, urging that he stated a cognizable due-process claim regarding the denial of credit for time served in federal custody and that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar the claim. He additionally contends that the district court's dismissal of his suit violated his constitutional right to a jury trial.

Salinas briefs no argument challenging the district court's dismissal of his claims regarding the denial of good-conduct and work time, the denial of release to mandatory supervision, or retaliation, nor does he otherwise renew those claims or his Eighth Amendment claim; these claims are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Salinas fails to demonstrate any error on the district court's part in dismissing his lawsuit. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Accordingly, the district court's judgment is affirmed.

AFFIRMED.