# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31313
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILBERT MATHES,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-69-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Wilbert Mathes appeals the district court's denial of his motion for reconsideration of his detention order and the denial of his motion for a hearing regarding the reconsideration of his detention order.

This court will uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard of review that this court equates to an abuse of discretion standard. *United States v. Rueben*, 974

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31313

F.2d 580, 586 (5th Cir. 1992).  A judicial officer may order a defendant detained pending trial if he finds by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition of combination of conditions will reasonably assure . . . the safety of any other person and the community."  18 U.S.C. § 3142(e) & (f)(2)(B); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).  A detention hearing "may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  § 3142(f)(2).  The denial of a motion to reopen is reviewed for abuse of discretion.  *United States v. Hare*, 873 F.2d 798 (5th Cir. 1989).

Mathes argues that new and material circumstances would reasonably assure his appearance at trial and the safety of the community while he is out on bail.  Specifically, he contends that his mother, who can now act as his third-party custodian, and other conditions he proposed in his motion to reconsider would reasonably assure his appearance and the safety of the community. Mathes, however, fails to establish that a third-party custodian would reasonably assure the safety of the community.  *See* 3142(f)(2).  Moreover, Mathes fails to adequately brief how the other conditions he proposed in his motion to reconsider would reasonably assure the safety of the community and, as a result, he has abandoned the issue.  *See Royal Ins. Co. of Am. v. Caliber One Indem. Co.*, 465 F.3d 614, 621 n.34 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).  As a result, he has not shown that the district court abused its discretion in denying his motions.  *See Hare*, 873 F.2d at 798.

AFFIRMED.