# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40965
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

ELEAZAR VASQUEZ,

Plaintiff-Appellant

v.

DIRECTOR BRAD LIVINGSTON; DAVIS, Senior Warden Name Unknown;
MAJOR ADAM R. GONZALEZ; MAJOR EVELYN CASTRO; NURSE
CAMPOS, Name Unknown,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-131

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eleazar Vasquez, Texas prisoner # 1642342, appeals the dismissal of his
42 U.S.C. § 1983 action for failure to state a claim and as frivolous under 28
U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). He contends that he stated
a claim for relief because he alleged that, when an inmate named Burns
sexually assaulted him, strict prison policies had been violated that required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

prison transport areas to be clear of general population inmates when protective status inmates such as Vasquez were present.  He asserts that prison officials have a duty to protect inmates from violence by other inmates and that officials must take reasonable measures to abate a known risk of serious harm to an inmate's safety.  He contends that the defendants were on notice of the risks he faced because he had been placed in protective status.

Vasquez does not address the district court's determination that the defendants were immune in their official capacities under the Eleventh Amendment.  Nor does he challenge the court's determination that he failed to state a claim against the director of the Texas Department of Criminal Justice and the warden of the prison in their personal capacities because he did not allege that they were directly involved or that they had enacted unconstitutional policies.  Accordingly, Vasquez has abandoned his claims against those two defendants.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  He likewise fails to raise and thereby abandons any argument that the defendants were liable for damages resulting from a later, nonviolent encounter with Burns.  *See id.*

We must determine whether Vasquez stated a claim that defendants Adam Gonzalez and Evelyn Castro were deliberately indifferent to a substantial risk of serious harm to him at the time of the sexual assault.  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer*, 511 U.S. at 833 (internal quotation marks and citation omitted), not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety," *id.* at 834.  "To violate the Cruel and Unusual Punishments Clause, a prison official must have a

sufficiently culpable state of mind." *Id.* at 834 (internal quotation marks and citation omitted). A prison official acts with deliberate indifference only if he subjectively "knows of and disregards an excessive risk to inmate . . . safety." *Id.* at 837. The existence of an objective risk to the inmate's safety alone is insufficient to establish that a particular defendant disregarded that risk. *Id.* at 837-38.

Vasquez alleged that the response by Gonzalez and Castro following the sexual assault by Burns was inadequate. He did not allege facts showing that they knew at the time of the sexual assault that he was at risk and that they failed to take action to protect him. Accordingly, he failed to state a claim that the two were deliberately indifferent to a substantial risk of serious harm to him at the time of his sexual assault. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Farmer*, 511 U.S. at 837-38; *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

AFFIRMED.