# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30858
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2017

Lyle W. Cayce
Clerk

IVORY L. SIMON,

Plaintiff-Appellant

v.

JAMES LEBLANC; TERRY L. TERRELL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-201

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ivory L. Simon, Louisiana prisoner # 505008, appeals the district court's grant of the appellees' motion for summary judgment in this 42 U.S.C. § 1983 suit, which raised claims concerning deliberate indifference to serious medical needs. Simon argues that these defendants are liable to him under the theory of respondeat superior and because they denied his grievances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30858

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment "shall" be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Accordingly, Simon's argument that the appellees are responsible for the wrongs perpetrated upon him because they had supervisory authority is unavailing. *See id.* Because a prisoner does not have a constitutional right to have his grievances resolved to his liking, Simon's argument that the appellees are liable to him because they denied his grievances likewise fails. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

AFFIRMED.