November 29, 2021 
 IN THE UNITED STATES DISTRICT COURT 
 Nathan Ochsner, Clerk
 FOR THE SOUTHERN DISTRICT OF TEXAS 
 HOUSTON DIVISION 
JAMESRICHARDBREWER, CIN #026401, § 
 § 
 Plaintiff, § 
 § 
v. § CIVILACTIONNO.H-21-3717 
 § 
SHERIFFTROYGUIDRY, § 
 § 
 Defendant. § 
 MEMORANDUMOPINIONANDORDER 
Waller County pretrial detainee James Richard Brewer, CIN #026401, filed this
section1983lawsuitagainstWallerCountySheriffTroyGuidryfortheallegedviolationof
hisFirstAmendment right toaccess the courts. He proceeds prose and informapauperis.
Having screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B),
the Court DISMISSES this lawsuit for the reasons explained below. 
 Background and Claims 
Plaintiff is in custody of the Waller County Sheriff’s Office pending disposition of
felonychargesforburglaryofabuildingandfailuretoidentify. Hecomplainsthatdefendant
Guidry is denying him access to a law library at the Waller County Jail. He states that he
needs access to legal resources in order to represent his pro se interests in a family probate
proceeding and to protect his legal rights in his pending criminal prosecutions. Plaintiff
reports that jail employees told him there is no law library at the Waller County Jail. He
seeksasjudicialrelief$5millionformentaldistressand$5millionaspunitivedamagesfor
the violation of his constitutional right to access the courts. 

 Legal Standards 
Because plaintiff is a pretrial detainee who has been permitted to proceed in forma
pauperis,theCourtmustscreenhiscomplaintundertheapplicableprovisionsof 28U.S.C.
§§ 1915A and 1915(e)(2)(B). Section 1915A(a) requires a district court to review a

complaintfromaprisonerseekingrelieffromagovernmentalentity,officer,oremployeeas
soon as possible after docketing. Because plaintiff is proceeding in forma pauperis, his
complaint is also subject to screening under section 1915(e)(2). Both of these federal
statutory provisions allow the court, sua sponte, to dismiss the complaint or any portion

thereof,ifitisfrivolous,malicious,failstostateclaimuponwhichreliefmaybegranted,or
seeks monetaryrelief from a defendant who is immune from such relief. See 28 U.S.C. §§
1915(e)(2)(B), 1915A(b). 
A complaint is frivolous when it “lacks an arguable basis either in law or in fact.”
Neitzkev.Williams,490U.S.319,325(1989).Aclaimlacksanarguablebasisinlawwhen

itisbasedonanindisputablymeritlesslegaltheory. Davisv.Scott,157F.3d1003,1005(5th
Cir. 1998). A claim has no arguable basis in fact if “after providing the plaintiff the
opportunitytopresentadditionalfactswhennecessary,thefactsallegedareclearlybaseless.”
Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint fails to state a claim upon

whichreliefmaybegrantedwhenitfailstoplead“enoughfactstostateaclaimtoreliefthat
 2 
is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also
Ashcroftv.Iqbal,556U.S.662, 678 (2009). To avoid dismissal for failure tostateaclaim,

plaintiffsmustallegefactssufficientto“raisetherighttoreliefabovethespeculativelevel.”
Twombly, 550 U.S. at 555. Legal labels and conclusions, or “a formulaic recitation of the
elements of a cause of action,” do not suffice to state a claim upon which relief may be
granted. Id. 

 Analysis 
Mental Distress 
Inhisrequestforrelief fromthisCourt,plaintiffseeks$5millionformentaldistress
allegedlycausedbyhislackofaccesstoalawlibrary. Hisclaimisforeclosedby42U.S.C.

§ 1997e(e), which restricts a prisoner’s abilityto recover compensatorydamages without a
showingofphysicalinjury: “NoFederalcivilactionmaybebroughtbyaprisonerconfined
ina jail, prison, or other correctional facility, for mental or emotionalinjurysuffered while
incustodywithoutapriorshowingofphysicalinjury....” 42U.S.C.§1997e(e). TheFifth
CircuitrecognizesthatthisprovisionappliestoclaimsbroughtundertheFirstAmendment.

Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005). 
PlaintiffhasnotallegedaphysicalinjuryastohisFirstAmendmentclaimforlackof
access to the courts. Thus, his claims for mental distress damages are barred by section
1997e(e) and are DISMISSED WITHOUT PREJUDICE. 

 3 
Punitive Damages 
Plaintiff’sclaimsforpunitivedamages,however,arenotbarredbysection1997e(e).

SeeHutchinsv.McDaniels,512F.3d193,198(5thCir.2007). Nevertheless,plaintiffisnot
entitledtopunitivedamagesbecausehehasnotpleadedaviableFirstAmendmentclaimfor
purposes of seeking punitive damages, as shown below. 
Access to Courts 

Prisonershaveaconstitutionallyprotectedrightofaccesstothecourts. SeeLewisv.
Casey,518U.S.343,360(1996);Boundsv.Smith,430U.S.817,821(1977). Therightdoes
not guarantee any “particular methodology but rather the conferral of a capability – the
capability of bringing contemplated challenges to sentences or conditions of confinement

beforethecourts.” Lewis, 518 U.S.at 356 (emphasisadded). SeealsoJonesv.Greninger,
188 F.3d322, 325 (5th Cir.1999) (holding that the right provides a reasonable opportunity
to file non-frivolous legal claims challenging convictions or conditions of confinement).
“Impairment of any other litigating capacity is simply one of the incidental (and perfectly
constitutional) consequences of conviction and incarceration.” Lewis, 518 U.S. at 355.

Thus, plaintiff has no constitutional right to access the courts for purposes of pursuing pro
se probate litigation. 
Further, the right of access is not a freestanding right. To state a cognizable First
Amendmentclaim,aprisonermustdemonstrateactualinjuryresultingfromanallegeddenial

of accesstothecourts. Lewis,518U.S.at351;Chriceolv.Phillips,169F.3d313,317(5th
 4 
Cir. 1999). Thus, to properly state a claim for denial of access to the courts, a plaintiff must 
demonstrate that his position as a litigant was prejudiced by the defendant’s actions. Eason 

v. Thaler, 73 F.3d 1322, 1328 (Sth Cir. 1996). Absent an actual injury, a plaintiff lacks 
standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349. 
 To the extent plaintiff here asserts violation of his right to access the courts as to his 
pending criminal charges, he has not identified any non-frivolous claim that he was 
prevented from timely pursuing due of lack of access to a law library. Plaintiffs claims for 
lack of access to a law library are DENIED WITHOUT PREJUDICE. 
 Conclusion 
 This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to state a viable 
claim for which relief can be granted under section 1983. Any and all pending motions are 
DENIED AS MOOT. This dismissal constitutes a “strike” for purposes of section 1915(g). 

 Signed at Houston, Texas, on November 29_, 202 / 
 ay H. MiNer 
 Senior istrict Judge