# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 15, 2013

Lyle W. Cayce
Clerk

No. 12-20465
Summary Calendar

CECIL MAX-GEORGE,

Plaintiff-Appellant

v.

ADRIAN GARCIA, Sheriff, in his Official and Personal Capacity; RUSSELL SMITH, Sheriff Deputy Sergeant in his Official and Personal Capacity; (JOHN OR JANE DOE) KLGAGE, Sheriff Deputy in his/her Official and Personal Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4692

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cecil Max-George, Texas prisoner #1649987, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit alleging that various prison officials had violated his constitutional and state rights by destroying or confiscating his legal mail, obstructing his efforts to send and/or receive legal documents, and retaliating against him for submitting grievances. The district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claims regarding interference with his legal mail as barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), but held in the alternative that those claims lacked merit.  The district court dismissed his remaining federal claims with prejudice as frivolous and dismissed his state claims without prejudice.

The district court's dismissal of Max-George's complaint pursuant to 28 U.S.C. § 1915A(b) is reviewed for an abuse of discretion.  *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  On appeal, Max-George fails to address the district court's determination that his claims of interference with his legal mail were barred by *Heck*.  He has therefore abandoned any such challenge.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Max-George argues that the district court erred by dismissing his retaliation claim because his statement of facts was sufficient to establish the requisite elements of his claim.  He was required to produce either direct evidence of motivation or "a chronology of events from which retaliation may plausibly be inferred."  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quotation omitted).  His statement of facts and other pleadings fail to make such a showing.

Max-George also contends that the district court erred by dismissing his challenge to the prison grievance procedure for failing to implicate a protected liberty interest.  He asserts this claim implicates his constitutional interest in sending and receiving mail.  In a case that also involved a prisoner's challenge to a prison grievance procedure's failure to remedy problems with his prison mail, this court held that a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction."  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

The district court did not abuse its discretion by dismissing Max-George's federal claims.  It therefore properly dismissed his state law claims.  *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

The district court's dismissal of Max-George's § 1983 complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Max-George is warned that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.