# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

No. 13-10404
Summary Calendar

JEFFREY GIUTTARI SNARKE,

Plaintiff-Appellant

v.

CINDY BARKLEY, Department of Public Safety Trooper, in Her Individual
and Official Capacity; HEATH PRATER, Department of Public Safety, in His
Individual and Official Capacity; DON L. JOHNSON, Department of Public
Safety, Trooper, in His Individual and Official Capacity; JOHN DOE, Deputy
Sheriff, Ochiltree County, in His Individual and Official Capacity; SHERIFF
JOHN DOE #2, Sheriff Ochiltree County,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-249

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Jefferey Giuttari Snarke, Texas prisoner # 1755420, appeals from the

district court's dismissal of his pro se 42 U.S.C. § 1983 suit as barred by *Heck*

*v. Humphrey*, 512 U.S. 477 (1994), pursuant to Federal Rule of Civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-10404

Procedure 12(b)(6), and as frivolous and failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  We review such a dismissal de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Snarke argues that the district court erred in determining that his claims were barred pursuant to *Heck*.  In *Heck*, the Supreme Court held that a § 1983 claim that would necessarily imply the invalidity of a conviction is not cognizable until the plaintiff can demonstrate that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 487.

Snarke's claims are based on his arrest on June 11, 2011, and his imprisonment for 18 days thereafter in Ochiltree County, Texas.  His arrest followed the observation, by a Gray County deputy sheriff, of two individuals who committed a theft from a Gray County Wal-Mart running to a stolen vehicle and departing with Snarke.  Two hours later, officers in Ochiltree County stopped the same vehicle, with Snarke still in it, and identified one of the individuals in the vehicle as the individual who stole the vehicle.  Officers arrested all three individuals.  Eighteen days after the arrest in Ochiltree County, the charges there were dismissed, and, that same day, Snarke was transported to Gray County and charged with Engaging in Organized Criminal Activity based on the same arrest.  Snarke pleaded guilty to the charge and was sentenced to four years of imprisonment, which term he is currently serving.  Because Snarke concedes that he pleaded guilty to the charge of Engaging in Organized Criminal Activity arising out of the same arrest and did not contest that the proof required to establish his unlawful arrest and detention claims necessarily implicates his conviction for Engaging in Organized Criminal Activity, he has failed to show the district court erred in

No. 13-10404

concluding that his claims are barred by *Heck*.  *See Heck*, 512 U.S. at 486-87; *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.