# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

WILLIE B. GAINES, JR.,

Plaintiff−Appellant,

versus

DORRIS MCDONALD; JAMES HOLMAN,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-404

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Willie Gaines, Jr., Mississippi prisoner # 28009, filed a 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint alleging that Dorris McDonald and James Holman violated his constitutional rights while he was confined at the Central Mississippi Correctional Facility ("CMCF").   McDonald and Holman moved for summary judgment, seeking the dismissal of Gaines's claims against them.  The parties consented to proceed before a magistrate judge ("MJ"), who granted the motion.

We review a summary judgment *de novo*, employing the same standard as did the district court.  *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  We view the evidence in the light most favorable to the nonmoving party, but "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party."  *Carnaby*, 636 F.3d at 187.

In his *pro se* brief, Gaines does not make any argument with respect to (1) the MJ's conclusion that McDonald and Holman were entitled to Eleventh Amendment immunity in their official capacities, (2) the MJ's rejection of any claims against Holman in his supervisory capacity, or (3) the MJ's rejection of any state-law claims.  By failing to make those arguments in his appellate brief, Gaines has abandoned them.  *See Wooley v. City of Baton Rouge*, 211 F.3d 913, 918 & n.4 (5th Cir. 2000).

With respect to his individual-capacity claims, Gaines first argues that, upon his arrival at the CMCF, McDonald violated his Eighth Amendment right to be free from cruel and unusual punishment when she assigned him initially to a fully occupied two-man cell and then to a floor space in the day room for approximately four days in late January 2012.  There is no authority holding that a prisoner has a constitutional right to sleep in an elevated bed.  *See Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (pretrial detainee case).  Gaines was

not denied the "minimal civilized measures of life's necessities" when he was made to sleep on a mat on the floor in a public area. *See Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (internal quotation marks and citation omitted). Although the conditions in which Gaines was housed may have been harsh, they were not cruel and unusual by contemporary standards, and there was thus no Eighth Amendment violation. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Gaines maintains that he contracted a painful foot fungus while housed on the floor of the CMCF and that prison officials violated his constitutional rights by showing deliberate indifference to his serious medical needs with respect to that condition. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The standard to succeed on a deliberate-indifference claim is "extremely high," and Gaines has not met it here. *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Gaines asserts that prison officials in general, and Holman in particular, violated his due-process rights by taking longer to respond to his administrative grievance than was allowed by the prison grievance policy and by finding that his grievance concerning his assignment to floor-space housing lacked merit. A prisoner has no "federally protected liberty interest in having" prison grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Additionally, the failure by prison officials to respond to Gaines's grievances according to the state's "own procedural regulations, [by itself,] does not establish a violation of due process." *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

No. 13-60650

Viewing the evidence in the light most favorable to Gaines, *see Carnaby*, 636 F.3d at 187, McDonald and Holman were entitled to judgment as a matter of law, *see* FED. R. CIV. P. 56(a).   Therefore, the summary judgment is AFFIRMED.