# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-11060
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2015

Lyle W. Cayce
Clerk

MOHAMED MAHDI ABDULKADIR,

Plaintiff-Appellant

v.

BRUCE P. SADLER, Assistant District Attorney,

Defendant-Appellee

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-33

—————

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Mohamed Abdulkadir, Texas prisoner # 1529001, appeals the district court's dismissal, as frivolous and for failure to state a claim, of his pro se 42 U.S.C. § 1983 complaint, in which he alleged that Bruce P. Sadler, Assistant District Attorney for Potter County, Texas, unconstitutionally denied him DNA testing or review of previously performed testing, and denied him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11060

appointment of counsel.  Abdulkadir sought the DNA testing to challenge his 2008 Texas conviction of felony aggravated sexual assault of a child.

No freestanding federal constitutional right exists for a convicted individual to obtain evidence for post-conviction DNA testing, but Texas has established such a right under state law.  *Dist. Att'y's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 67-73 (2009).  To state a claim for relief under § 1983 as to that state law, Abdulkadir must show that the Texas statutory scheme, as applied to him, violated his due process rights.  *See Skinner v. Switzer*, 131 S. Ct. 1289, 1297-98 (2011).

Abdulkadir argues that the district court erred in dismissing his complaint because material factual issues remain unresolved, specifically, his need for DNA evidence to prove his innocence.  Additionally, he asserts that the district court made improper credibility determinations and that Sadler denied him DNA evidence at trial and on appeal in violation of his due process rights.  Abdulkadir fails to identify any unconstitutionality in the Texas statutory scheme for providing convicted prisoners access to DNA testing, much less identify the unconstitutional element of that scheme as applied to him.  *See Skinner*, 131 S. Ct. at 1297-98.  Thus, he has shown no error in the district court's determination that he failed to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.