# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

No. 14-60234
Summary Calendar

MARK BURGESS,

Plaintiff-Appellant

v.

DR. MICHAEL REDDIX, Private Prison Medical Contractor; DR. CARL FAULKS, Private Prison Medical Contractor; DAVID PETRIE, MDOC Legal Claims Adjudicator; CHRISTOPHER EPPS, MDOC Commissioner; J. BIRDTAIL; O. LITTLE; DR. CARL REDDIX,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-1006

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mark Burgess, Mississippi prisoner # 77647, appeals the district court's grant of summary judgment in favor of the defendants in his civil action, in which he alleged that he had been denied adequate medical care and an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60234

adequate grievance procedure during his incarceration at the East Mississippi Correctional Facility.

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). We do not consider arguments Burgess makes for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

The record and Burgess's allegations could not lead to the conclusions that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted); *see City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). Burgess does not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices; thus, the denials of his grievances do not implicate his constitutional rights or give rise to a 42 U.S.C. § 1983 claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014).

Burgess asserts that the defendants impeded his right to access the court by failing to provide him proper legal materials and by intentionally interfering with and tampering with his mail by denying, delaying, or hindering the mailing of his legal mail. Because the district court denied Burgess's request

No. 14-60234

to amend his complaint to add this issue, the issue of mail tampering is not properly before this court.

Additionally, he has not shown that the district court abused its "sound discretion" by denying his motions for production of documents. *See McFaul*, 684 F.3d at 580. Nor has he shown that the district court clearly abused its discretion by denying his motions for the appointment of counsel. *See Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987).

The district court's grant of summary judgment is AFFIRMED. Burgess's motions for appointment of appellate counsel, leave to supplement his original brief, and leave to file an affidavit in support of appeal and all other pending motions are DENIED.