# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

No. 14-60510
Summary Calendar

RANDY DALE JACKSON,

Plaintiff-Appellant

v.

DOCTOR DUNN; LORENZO CABE; FAYE NOEL, Interim Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:13-CV-79

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Randy Dale Jackson, Mississippi prisoner # R8899, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. He alleges that the district court erred by granting the summary judgment motions because there were genuine issues of material fact regarding his claim that Dr. Dunn and Dr. Cabe were deliberately indifferent to his dental needs and genuine issues of material fact regarding his claim that Interim Warden Noel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated his due process rights by refusing to investigate and expunge a false disciplinary conviction from his record.  He also moves for appointment of counsel, to recuse the district court from the case, and for a preliminary injunction pending appeal.

This court reviews a district court's ruling on summary judgment de novo, employing the same standard used by the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  "Deliberate indifference is an extremely high standard to meet."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).  Neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official should have perceived but did not is sufficient to establish deliberate indifference.  *See id.*  Similarly, unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.  *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).  Further, the question whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."  *Estelle v. Gamble,* 429 U.S. 97, 107 (1976).

Jackson's medical records establish that his sick call requests for dental care have resulted in him being examined and treated.  While in prison,

No. 14-60510

Jackson has had fillings replaced, dentures provided, and medication prescribed. These records are sufficient to rebut Jackson's allegation that he was denied treatment or that treatment was unconstitutionally delayed. *See Gobert*, 463 F.3d at 346. His disagreement with Dr. Dunn's medical opinion concerning his teeth is likewise insufficient to state a claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001). Jackson's claim that Dr. Cabe violated his constitutional rights by denying his administrative remedy program request is without merit. Jackson did not have a "federally protected liberty interest in having [his] grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Jackson's claim that Interim Warden Noel violated his due process rights by failing to investigate his claim about due process violations in his grievance procedure and by failing to expunge a retaliatory disciplinary conviction from his record is likewise without merit. Jackson does not have a constitutional right to have his grievance resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices; thus, the denial of Jackson's grievance and the failure of Interim Warden Noel to find that he was subjected to retaliation or due process violations does not implicate his constitutional rights or give rise to a § 1983 claim. *See Geiger*, 404 F.3d at 374.

In light of the foregoing, the district court did not err by granting the defendants' motions for summary judgment. Accordingly, the judgment of the district court is affirmed. Jackson's motions are denied.

AFFIRMED; MOTIONS DENIED.