# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2019

Lyle W. Cayce
Clerk

CHAVEZ D. PRICE,

Plaintiff-Appellant

v.

UP NUNALLY, Captain; UP BORDELON, Lieutenant; DARREN WALLACE; VIRGIL MCMULLEN; DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE; LANCE KNOD,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-677

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Chavez Daniel Price, Texas prisoner # 821134, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. He also moves for leave to file supplemental briefing, for the appointment of counsel, and for an "emergency" declaratory judgment. The motions to file supplemental briefing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are GRANTED.  For the following reasons, we AFFIRM the district court's dismissal for failure to state a claim.

In his § 1983 complaint, Price claimed that prison officials denied him a meal, placed him naked in a "stripped cell," subjected him to "terroristic threats," denied his access to the courts, unlawfully retaliated against him, used excessive force against him, threatened to sexually assault him, failed to protect him, failed to properly train staff, recklessly disregarded his safety, abused their authority, and publicly humiliated him.  On appeal, Price renews his claims, argues that he is being truthful while state officials are lying, requests monetary compensation, and, with the benefit of liberal construction, asserts that the district court prematurely dismissed his case for failure to state a claim and that he should been allowed to obtain discovery and proceed to the summary judgment stage.

We review the dismissal de novo, applying the same standard as that under Federal Rule of Civil Procedure 12(b)(6).  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).  As to retaliation, Price failed to state a claim.  Even with the benefit of liberal construction, Price's generalized assertion of retaliation, which did not set forth a chronology of events from which a retaliatory motive may plausibly be inferred, was too conclusional.  *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (motion for summary judgment).  At the most basic level, Price has not identified any protected conduct that prompted the allegedly retaliatory acts.

No. 16-41485

Regarding Price's non-retaliation claims, including (1) the denial of a meal, (2) inadequate conditions in the stripped cell, (3) excessive force, (4) threats of assault and other harm, and (5) supervisory liability, the district court correctly accepted Price's allegations as true, yet determined nonetheless that they did not suffice to state a claim of a constitutional violation under § 1983.  As to Price's argument that the district court ignored evidence he submitted after filing his complaint, a consideration of such documents falls outside the inquiry of whether his complaint fails to state a claim.  *See Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008).  To the extent that Price otherwise attempts to challenge the district court's dismissal of his non-retaliation claims for failure to state a claim, he has not adequately briefed any such challenge.  Even though a pro se litigant benefits from liberal construction, he still must adequately brief his arguments.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Even liberally construed, aside from Price's arguments that the district court (1) failed to accept his allegations as true and (2) ignored evidence he submitted, Price has not adequately briefed any challenge to the district court's dismissal of his non-retaliation claims, *See Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748.

The motions for appointment of counsel and for an "emergency" declaratory judgment are DENIED.

Additionally, we note Price's litigious history, including his numerous lawsuits related to his incarceration.  *Cf. Moody v. Miller*, 864 F.2d 1178, 1179 n.1 (5th Cir. 1989).  Our affirmance and the district court's underlying

No. 16-41485

dismissal count as one strike under 28 U.S.C. § 1915(g).[1]  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996).  Price is WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

---

[1] Even though the district court's dismissal in one of Price's prior lawsuits, TXSD 3:12-cv-00312, cited § 1915(e)(2)(B) in its dismissal order, its ruling was centered on Price's failure to exhaust.  Because it is not clear that the district court dismissed that prior action entirely on grounds that the lawsuit was frivolous or malicious, that prior dismissal does not count as a strike.  *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017).