# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20043
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2019

Lyle W. Cayce
Clerk

MICHAEL NELSON,

Plaintiff-Appellant

v.

BRYAN COLLIN, Director Texas Department of Criminal Justice, Huntsville, Texas; WARDEN BAILEY, Senior Warden of Estelle Unit; UNKNOWN CORRECTION OFFICER #1; UNKNOWN CORRECTION OFFICER #2,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2340

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Nelson, Texas prisoner # 1498715, filed a civil action under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Nelson alleged that, while he was housed in the wing for prisoners with sight and hearing disabilities, his hand was injured because a prison guard failed to follow the proper procedures. The district court dismissed the civil action, under 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20043

U.S.C. § 1915A, for failing to state a claim for which relief may be granted. We review dismissals for failure to state a claim de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence is not enough. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Nelson's allegations do not suggest that the guard acted deliberately or knew of and disregarded an excessive risk to his health or safety.

To establish a prima facie case of disability discrimination under Title II of the ADA, a plaintiff must prove "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Nelson's allegations do not set forth facts supporting a claim that he was discriminated against in any way because of his disability. *See id.*

For the first time on appeal, Nelson asserts that he was denied medical care for the injuries he suffered in the Estelle Unit. Because he did not raise this claim in the district court, we need not consider it on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court did not err in dismissing Nelson's complaint, and the judgment is AFFIRMED. Nelson's motion for the appointment of counsel is DENIED.