## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2020

No. 19-20175

Lyle W. Cayce
Clerk

CALVIN JARROD HESTER,

Plaintiff-Appellant

v.

FOLASHADE ITUAH,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-197

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Calvin Jarrod Hester, Texas prisoner # 1472075, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed this 42 U.S.C. § 1983 action against Folashade Ituah, the kitchen second shift supervisor at the Darrington Unit, for gross negligence and willful intent to include pork in his meal without notification in violation of his First and Eighth Amendment rights as a Muslim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20175

The district court dismissed Hester's complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  The district court denied Hester's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.  *See id.* § 1915(a)(3).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Similarly, an appeal is taken in good faith only if it "involves legal points arguable on their merits . . . ." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotation omitted).

We express no view on the ultimate merits of Hester's appeal, but we disagree that an appeal in this case would be taken in bad faith. We note, for example, that the district court justified the dismissal and bad-faith certification on the basis that "one instance" of being served pork "does not violate his constitutional right." Before it was dismissed, however, Hester had moved to amend his complaint to include additional defendants and identify further instances of perceived anti-Muslim discrimination. Although FED. R. CIV. P. 15(a)(2) directs district courts to "freely give leave" to amend, the court below rejected this motion solely because the defendant "ha[d] already appeared and filed her answer to the complaint." *But see N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478–79 (5th Cir. 2018) (noting that delay in seeking leave to amend "is insufficient" to deny a motion for leave: "The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." (quotation omitted)).

There is therefore an arguable issue as to whether the district court ought to have granted the motion to amend, or, alternatively, whether the district court should have dismissed without prejudice to an amended complaint.

MOTION FOR IFP GRANTED.