# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2022

Lyle W. Cayce
Clerk

No. 21-50646
Summary Calendar

---

Cody Barnhill,

*Plaintiff—Appellant*,

*versus*

Lindsey Hildreth-White; Warden Nick Clayton; Warden David Lofton; Warden Chimdi Akwitti; Warden Mrs. FNU Lofton; Major Lawrence Lighten; Omar Aguiar,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-826

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Cody Barnhill, Texas prisoner # 1948527, appeals the dismissal of his 42 U.S.C. § 1983 suit against various defendants, including Food Service

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50646

Manager Captain Lindsey Hildreth-White.    Barnhill argued that the defendants were deliberately indifferent to his health and safety by not providing him with "Diet for Health" (DFH) meals that medical officials prescribed to him based on his hypertension.    Barnhill contends that the district court erred when it granted the defendants' Federal Rule of Civil Procedure 56 motion for summary judgment.

We "review[] a grant of summary judgment de novo, applying the same standard as the district court." *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2519 (2021).  In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although he argues to the contrary, Barnhill has not demonstrated a genuine material factual dispute surrounding the § 1983 supervisory liability of the defendants.  He does not specify or explain the personal involvement of the defendants in the selection of or distribution of his meals.  This conclusional assertion about the defendants' supervisory liability is insufficient to create a genuine factual dispute regarding § 1983 supervisory liability. *See Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

In addition, Barnhill asserts that the district court erred in finding that the defendants were immune in their official capacities from his § 1983 claims because he only sued the defendants in their individual capacities.  However, Barnhill has not demonstrated any error in the district court's immunity determination because it indeed acknowledged that Barnhill sued the defendants in their individual capacities and yet, out of an apparent abundance of caution, addressed any claims Barnhill may have made against defendants in their official capacities for monetary damages.

No. 21-50646

Barnhill reiterates his claim that the defendants committed a constitutional violation by not giving him the DFH meals. However, he does not point to any summary judgment evidence showing that the defendants were deliberately indifferent to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). The medical records do not establish that Barnhill had a serious medical need that would have been apparent to the defendants. *See id.* at 345 n.12. In fact, the records reflect that Barnhill received medication for his hypertension and that his blood pressure readings were often near or within normal ranges. Moreover, Barnhill does not allege or explain how a substantial risk of serious harm existed to his health based upon his diet and meals. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Barnhill's conclusional allegations regarding his serious medical needs and the harm he suffered from the defendants' failure to give him DFH meals are insufficient to raise a genuine factual dispute as to his claim of deliberate indifference. *See Freeman*, 369 F.3d at 860.

Finally, to the extent Barnhill argues that the defendants should have resolved any previous administrative grievances in his favor, he has not raised a genuine factual dispute of a constitutional violation because he has no constitutional right to satisfactory resolution of his administrative grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.