# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 22-30537
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2023

Lyle W. Cayce
Clerk

Suleiman Abdu Ibrahim,

*Plaintiff—Appellant*,

*versus*

Department of Interior, *Deb Haaland, Secretary*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:19-CV-101, 2:19-CV-2201,
2:19-CV-9316

———————————————————————

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:*

Plaintiff, Suleiman Abdu Ibrahim ("Ibrahim"), filed this action against his former employer, the Department of the Interior ("DOI"), seeking various forms of relief under Title VII for discriminatory and retaliatory conduct. For the reasons set forth below, we AFFIRM.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30537

Plaintiff is a naturalized citizen of the United States who emigrated from Sudan. He is a fifty-five-year-old black male and a practicing Muslim. Plaintiff began work as a petroleum engineer with DOI in August 2013. He was terminated from his employment in October 2018.

The magistrate judge,[1] based on careful, detailed reasons, granted summary judgment to DOI and dismissed Plaintiff's claims of discrimination based on his age, race, gender, and religion, as well as his hostile work environment claim. The magistrate judge thereafter conducted a bench trial regarding the remainder of Plaintiff's claims, which included claims of discrimination based on national origin, retaliation, and retaliatory hostile work environment. At the conclusion of trial, the magistrate judge dismissed those claims, dictating reasons on the record. A final judgment was later entered in favor of DOI.

Although we liberally construe *pro se* briefs, *pro se* litigants must still adequately brief issues in order to preserve them on appeal.[2] As DOI asserts, Plaintiff has waived any argument regarding the summary judgment dismissing his claims of age, race, gender, and religious discrimination, as well as his hostile work environment claim, by failing to brief the issues upon which that ruling was based.[3] Furthermore, although Plaintiff attempts to challenge the dismissal of the remaining claims tried during the bench trial,

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

[2] *Geiger v. Jowers*, 404 F.3d 371, 374 n.6 (5th Cir. 2005) ("[P]ro se litigants have no general immunity from the rule that issues, and arguments not briefed on appeal are abandoned.").

[3] *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (This Court "will not raise and discuss legal issues [Plaintiff] has failed to assert.").

2

he has also waived any argument regarding that dismissal by failing to describe how and/or why the magistrate judge's conclusions were erroneous.

Furthermore, we nonetheless have carefully reviewed the record in this matter, which fully supports the magistrate judge's summary-judgment dismissal, as well as the court's rejection of the remaining claims following trial. We agree with the magistrate judge that Plaintiff failed to present summary-judgment evidence sufficient to support his claims of age, race, gender, and religious discrimination, as well as his hostile work environment claim under Title VII. The court did not err in granting DOI summary judgment on those claims.

We have also carefully reviewed the record, which fully supports the magistrate judge's dismissal of the Plaintiff's remaining claims after conducting a bench trial. The testimony and evidence adduced at trial illuminate the reasons for Plaintiff's difficulties in the workplace that led to his termination. The record fully supports the magistrate judge's conclusion that Plaintiff was actively hostile to and disrespected his supervisors and was openly insubordinate and discourteous to them. He refused to follow instructions and office policies. He also refused to develop the skills that his supervisors wanted him to acquire to perform his job properly. When he was asked to mediate his dispute with his supervisors, he refused to do so.

In sum, Plaintiff failed to establish a prima facie case supporting any of his discrimination or retaliation claims.

For these reasons and those expressed in the magistrate judge's thorough order granting summary judgment and reasons dictated on the record at the conclusion of the bench trial, we AFFIRM the judgment of the district court.