# United States Court of Appeals for the Fifth Circuit

————————

No. 24-40604
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2025

Lyle W. Cayce
Clerk

Michael Sonnier, II,

*Petitioner—Appellant*,

*versus*

Jeremiah Johnston, *Warden, FCI Texarkana*,

*Respondent—Appellee*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:23-CV-96

————————————————————

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Michael Sonnier, II, federal prisoner # 16347-035, moves for leave to proceed in forma pauperis (IFP) on appeal. Sonnier challenged the Bureau of Prisons's denial of his *nunc pro tunc* request that the Louisiana state prison where he had served a 10-year sentence for indecent behavior with a juvenile be retroactively designated for concurrent service of his 10-year federal

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40604

sentence for his conviction of possession of child pornography. The district court dismissed his 28 U.S.C. § 2241 petition and determined that any appeal would not be taken in good faith. This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his IFP brief on appeal, Sonnier first challenges the district court's finding that there is a presumption under 18 U.S.C. § 3584(a) that multiple prison terms imposed at different times run consecutively unless the court orders otherwise. Sonnier, however, fails to raise a nonfrivolous argument as to why the § 3584(a) presumption should not apply with regard to a yet-to-be-imposed state sentence for an unrelated offense. *See* 18 U.S.C. § 3584(a); *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010).

Second, Sonnier contends that the district court erred in finding that the BOP did not abuse its discretion in denying his *nunc pro tunc* request based on its assessment of the 18 U.S.C. § 3621(b) factors. The record makes clear that the BOP, in its discretionary denial of Sonnier's *nunc pro tunc* request, considered all relevant § 3621(b) factors and did not rely solely on the recommendation of the Chief Judge of the United States District Court for the Western District of Louisiana that his request be denied. *See Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). Consequently, Sonnier raises no nonfrivolous argument in this regard.

Third, he takes issue with the fact that the Chief District Judge, and not the sentencing judge (who had passed away), responded to the BOP's "*Barden* letter."[1] Nevertheless, Sonnier has failed to raise a nonfrivolous argument demonstrating how he was prejudiced by the Chief District Judge

---

[1] *Barden v. Keohane*, 921 F.2d 476, 483 (3rd Cir. 1990).

responding to the *Barden* letter.  *See* 18 U.S.C. § 3621(b); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Finally, Sonnier argues that he was unconstitutionally prevented from appealing the BOP's denial of his *nunc pro tunc* request through its administrative remedy process.  He fails to demonstrate, however, any nonfrivolous error in the district court's finding that, inter alia, he did not have a protected liberty interest in the administrative remedy process, *see Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005), and additionally fails to raise a nonfrivolous argument that he was prejudiced, *see Hallmark*, 118 F.3d at 1080.

Sonnier does not make the requisite showing that he will present a nonfrivolous issue for appeal.  *See Howard*, 707 F.2d at 220.  Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.